IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT WILLEIAMS    :

   v.    :    Civil Action No. DKC 09-0879

STATE OF MARYLAND, et al.    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case are: (1) Defendants' motion to dismiss or, in the alternative, motion for summary judgment (Paper 32); and (2) Plaintiff's first amended complaint, which will be treated as a motion to amend (Paper 58). Upon review of the papers filed, the court finds that a hearing in this matter is unnecessary. *See* Local Rule 105.6. For the reasons that follow, Plaintiff will be granted leave to amend his complaint, while Defendants' motion will be denied as moot.[1]

**I.  Background**

   **A.  Factual Background**

Plaintiff Robert Williams is an inmate confined at the North Branch Correctional Institute ("NBCI") in Cumberland,

---

[1] In the course of seeking appointed counsel, Plaintiff also filed a "Motion to Supplement Exhibit." (Paper 45). As Plaintiff has now been appointed counsel, that pending motion will be denied as moot.

Maryland. In his original complaint, Plaintiff alleged that Defendant Jason Frantz, a corrections officer at NBCI, used "excessive force on [Plaintiff]" on December 3, 2008 by repeatedly banging Plaintiff's face against a door. (Paper 1, at 1). This beating, said Plaintiff, caused an injury to Plaintiff's eye that required six stitches. (*Id.*) Plaintiff also contended that several other corrections officers became involved in the altercation; these officers purportedly "jumped on top of Plaintiff," causing knee and shoulder injuries. (*Id.* at 2). Plaintiff further alleged that he received inadequate medical care for these injuries. (*Id.* at 3). He sought $100,000 in compensatory damages, $100,000 in punitive damages, transfer to another prison, and lie detector tests for all the parties. (*Id.* at 4).

### B. Procedural Background

Plaintiff filed his initial complaint *pro se* on March 2, 2009, asserting claims against the State of Maryland, the Warden of NBCI (John Rowley), and the six correctional officers allegedly involved in the December 2008 incident. (Paper 1). He later filed a sworn affidavit verifying that complaint. (Paper 15). Defendants subsequently moved to dismiss the complaint or, in the alternative, for summary judgment on September 9, 2009. (Paper 32). After the court decided to appoint counsel, there was additional delay before current

counsel entered the case. Counsel then filed a response to Defendant's motion on July 30, 2010. (Paper 57). Plaintiff also filed a first amended complaint on the same day, which asserts claims against the Warden of NBCI (John Rowley), eight correctional officers at NBCI, and Secretary of the Department of Public Safety and Correctional Services John Maynard. (Paper 58). The complaint includes three counts, each brought under 28 U.S.C. § 1983: (1) "Use of Excessive Force in Violation of the Eight Amendment," (2) "Violation of Plaintiff's Eighth Amendment right to Medical Care," and (3) "Violation of Substantive Due Process Rights." (*Id.* at 6-8).

**II. Analysis**

As noted above, Plaintiff recently filed an amended complaint. The Federal Rules of Civil Procedure provide that a party may amend his complaint as a matter of course within 21 days of serving it or within 21 days of a responsive pleading or Rule 12(b) motion. Fed.R. Civ.P. 15(a)(1). Once the right to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R. Civ.P. 15(a)(2). Leave is not difficult to obtain: the court will freely give it "when justice so requires." *Id.* The United States Court of Appeals for the Fourth Circuit has also stressed that "leave to amend a complaint should be denied only when the amendment would be

3

prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)(citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

Obviously, Plaintiff has filed his amended complaint long after Defendants filed their Rule 12(b) motion. (Paper 32). Although the 21 day deadlines have come and gone, Plaintiff did not formally seek leave from the court. Nor did Plaintiff seek Defendants' consent before filing the new complaint, a step mandated by Local Rule 103.6(d). Nevertheless, the court will treat the first amended complaint as a motion to amend and will grant the motion. Such an outcome is appropriate in light of the forgiving standards embodied in Rule 15 and Plaintiff's *pro se* status throughout much of this case. The delay, although not insignificant, does not justify a denial of leave to amend here. *See Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) ("Delay alone . . . is an insufficient reason to deny Plaintiff's motion to amend."). There is neither apparent prejudice nor any suggestion of bad faith. For the most part, the amended complaint appears merely to repackage the allegations contained in Plaintiff's initial *pro se* complaint into a more ordered, digestible format. The court also understands that Defendants

do not oppose the motion to amend.  For all these reasons, leave to amend is appropriately granted here.

Defendants' motion to dismiss or, in the alternative, for summary judgment applies to the prior, superseded complaint. Because the court has granted Plaintiff leave to amend his complaint, the court will deny Defendants' motion as moot.  The Defendants may now file a Rule 12 motion or an answer in response to the amended complaint.

## IV. Conclusion

For the foregoing reasons, Plaintiff will be granted leave to amend his complaint.  Defendant's motion to dismiss or, in the alternative, for summary judgment will be denied as moot.  A separate order will follow.

<pre>
                                          /s/
                              _____
                              DEBORAH K. CHASANOW
                              United States District Judge
</pre>